**IN THE UNITED STATED DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**JEROME KENDRELL HARRIS**                                        **PLAINTIFF**

**VS.**                                        **CAUSE NO. 5:18-cv-70-MTP**

**MANAGEMENT & TRAINING CORPORATION,**
**and JOHN AND JANE DOES 1-100**                        **DEFENDANTS**

**FIRST AMENDED COMPLAINT**

*Jury Trial Demanded*

1.      This Amended Complaint is brought by Jerome Kendrell Harris (hereinafter, "Plaintiff"), by and through undersigned counsel, against Management & Training Corporation, and John and Jane Does 1-100.

**JURISDICTION AND VENUE**

2.      Subject Matter Jurisdiction is appropriate based upon diversity of citizenship as the Plaintiff and Defendant are citizens of different states and the claim is in excess of $75,000.00.

3.      Venue is appropriate in this Court as all acts and/or omissions occurred in Wilkinson County, Mississippi, which is located within the Southern District of the United States District Court, Western Division.

**PARTIES**

4.      Plaintiff, Jerome Kendrell Harris, is an adult incarcerated at the East Mississippi Correctional Facility (hereinafter, "EMCF"), located in Meridian, Mississippi.  Substantial acts, omissions, and events that are at issue took place at Wilkinson County Correctional Facility (hereinafter, "WCCF"), located in Wilkinson County, Mississippi.

1

5.     Defendant, Management & Training Corporation (hereinafter, "MTC"), a national for-profit prison operator incorporated and existing in the State of Utah, was given a contract by the Mississippi Department of Corrections ("MDOC") in July 2013 for the management and oversight of the prison's daily operations, under which it has the responsibility for providing humane care and treatment consistent with all constitutional and ACA standards.  MTC's 5,545 employee corrections division operates twenty-four (24) correctional facilities throughout the United States, with seventeen (17) contracts with state correctional departments and seven (7) with federal correctional agencies.  The acts, omissions and events giving rise to Plaintiff's complaint occurred under MTC's management.  MTC's principal place of business is located at 500 North Marketplace Drive, Centerville, Utah 84014, and is subject to the in personam jurisdiction of the Court by service of process upon its appointed registered agent, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Rankin County, Mississippi 39232.

6.     The Plaintiff is ignorant as to the identities of Defendants, John and Jane Does 1-100, who are unknown MTC officers, employees, agents, and or servants.  Plaintiff will amend this Complaint to allege their true names and allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as alleged herein, were proximately caused by their conduct. Plaintiff, upon information and belief, asserts that the Doe Defendants were the officers, agents, servants, and employees of the Defendant herein, and were acting with the permission and consent within the course and scope of said agency and employment.

## FACTS

7.     On January 10, 2018, during shower call, Officer Chantel Woods allowed Inmate Markus Brakefield to be out on J-Pod without full and proper restraints. Inmate Brakefield was

able to take Officer Woods' keys at the time that she opened his shower door. All officers had exited the zone. Upon information and belief Woods was ordered off the zone by Brakefield. Inmate Brakefield then used the keys to open three cell doors, letting out Inmates Hogan, Smith and Norman. The four inmates opened Plaintiff's cell door and began assaulting and stabbing him repeatedly.

8.      Plaintiff was airlifted to University Medical Center where he stayed for two weeks receiving treatment for the multiple stab wounds and trauma to his eyes and body. He was later released to the infirmary at CMCF to further recover and prepare for surgery on his right eye.

9.      The Plaintiff has completely lost his left eye and most vision in his right eye.  He continues to have issues with not only the devastating and life changing injuries, but also the mental distress resulting from the brutal attack

## CONDITIONS AT WCCF

10.      Prior to the attack upon Plaintiff, which is the subject of this lawsuit, WCCF was besieged with gang violence and contraband.  The gang population was so out of control that gang members essentially controlled the prison.  WCCF Guards and other staff members assisted gang members by bringing in contraband.  In return, gang members would pay the WCCF employees via "green dot cards".  In addition, some WCCF employees were affiliated with gang members and afforded them favorable treatment and even aided and abetted the gang members in their illicit behavior.  Gang members were selling drugs, cell phones and other contraband with the assistance and/or approval of MTC employees.  The introduction of this contraband into the prison contributed to the atmosphere of violence in existence at the prison.

11.      It is well documented that cell doors in most of the units at the facility can easily be "rigged" to remain unlocked when shut—if the locks are operational in the first place—

3

allowing inmates to leave their cells at any time and to enter the cells of others, resulting in many assaults. There have been numerous incident reports regarding assaults whereby inmates escaped or entered other cells through "rigged," or non-operational doors. Defendant has historically failed to take adequate measures to ensure that the defective doors are replaced and has failed to supervise officers adequately to ensure that they routinely and effectively examine doors to check for rigging.

12.     MTC supervisors and employees, including guards, were aware that the vast majority of prisoners had altered the locks on their doors which allowed the prisoners to open their cell doors whenever they chose to. Surveillance video exists showing prisoners moving around the prison at all hours of the night on numerous occasions when they were required to be locked down. MTC employees simply turned a blind eye to such actions, either because they are being paid to "look the other way" or simply do not care. MTC and its employees' actions constituted negligence, gross negligence and deliberate indifference to the safety of the prisoners, including the Plaintiff.

13.     Weapons, such as homemade knives, were readily available at WCCF. Prisoners would utilize materials in the prison or get material smuggled in from guards. Some prisoners had homemade knives which were the size of swords.

14.     WCCF is so violent that it is known as "The Killing Fields" by the some of the inmates. Inmate on inmate violence is common place. Inmates live in constant fear of being attacked. The killings and brutal assaults of inmates like Jerome Harris are not only foreseeable; they are inevitable. Despite such conditions, MTC, inadequately staffs the prison with enough security officers. Further, the security officers who are working are inadequately trained and/or supervised. As such, inmates live in constant fear of being attacked. The Plaintiff's attack was not only foreseeable it was inevitable.

15.     MTC typically understaffs its prisons throughout the country.  On January 10, 2018, the date on which Jerome Harris was attacked, there were no MTC correctional guards in the pod.  WCCF is supposed to be a "direct supervision" prison meaning that the inmates must have constant supervision from MTC employees.  MTC has allegedly trained its employees on direct supervision polices yet MTC constantly understaffs WCCF making direct supervision impossible. Moreover, the hiring practices are insufficient to screen out people who are incapable of performing the job of being a prison guard or who are gang members who will unduly help and favor certain inmates who are gang members.  Further, the security officers who are hired are inadequately screened, trained, and supervised. This practice and policy of understaffing is negligent and grossly negligent to the inmates, specifically the Plaintiff. WCCF guards fail to maintain adequate supervision of inmates, and specifically failed to maintain adequate supervision of the pod where Jerome Harris was brutally attacked.  Even when guards witness inmate-on-inmate violence, they often fail to intervene to prevent the violence.  This is sometimes due to inadequate training and supervision and sometimes due to the fact that there are an insufficient number of guards to prevent or stop the violence.  Sometimes it is because guards are member of the gangs or are beholden to the gangs or inmates who are carrying out the violence.  To the extent any guards witnessed the actions that took place leading up to and during the attack on Harris, they failed to intervene or call for help or do anything about it.

16.     MTC has been sued numerous times for similar conduct as alleged in this Amended Complaint. Undersigned counsel has personally filed seven (7) suits.[1] There have been

---

[1] *Kendrick Walker v. Management & Training Corporation*, In the United States District Court for the Southern District of Mississippi, Western Division, Civil Action No. 5:14-cv-98; *Jonsha Bell v. Management & Training Corporation*, In the United States District Court for the Southern District of Mississippi, Western Division, Civil Action No. 5:16-cv-39; and *Jose Hernandez v. Management & Training Corporation*, In the United States District Court for the Southern District of Mississippi, Western Division, Civil Action No. 5:16-cv-57, *Kimberly Colletti v. Management & Training Corporation*, In the Circuit Court of Wilkinson County, Mississippi Civil Action No. 2018-0079. *Sara Mauk v. Management & Training Corporation*, In the United States District Court for the Southern District of Mississippi,

many more inmate on inmate attacks prior to the this incident which did not result in a lawsuit, but which placed MTC and its policymakers on notice about the violent atmosphere existing at WCCF and the staff corruption which causes and/or contributes to this. Despite this knowledge, MTC's policymakers refuse to enforce policies and procedures to control and/or reduce inmate on inmate violence. Such actions by MTC's policymakers are negligent, grossly negligent and/or deliberately indifferent.

## GENERAL STATEMENT ON LIABILITY

17.     The conditions at WCCF described in this complaint were caused by the actions and inactions of MTC and MTC employees, including corporate management, MTC management, MTC supervisors, and MTC guards.   Those conditions, and the actions and inactions of MTC, and MTC employees, caused the assault on Jerome Harris.   MTC, and MTC employees' actions and inactions constituted negligence and gross negligence to the safety of the prisoners, including the Plaintiff.

18.     MTC, and MTC employees have a duty to the inmates, including Plaintiff, Jerome Harris, to ensure their safety and to see that the prison was maintained in a lawful, safe, and sanitary condition, suitable for human occupation and free of the constant threat of violence, injury, and death. MTC, and MTC employees breached that duty and caused the injuries to Harris.

## PREMISES LIABILITY CLAIM

19.     Plaintiff incorporates all allegations set forth in Paragraphs 1 through 18. hereinabove.

20.     The Plaintiff was an invitee and MTC was at all times material a landowner as contemplated by Mississippi law.   Defendant was responsible for protecting the Plaintiff and

---

Western Division, 5:18-cv-00068-DCB-MTP, and *Pitts v. MTC, In* the United States District Court for the Southern District of Mississippi, Western Division, 5:18-cv-00075-DCB-MTP.

other inmates from foreseeable assaults. The Plaintiff was a member of a class of persons for whom the jail was specifically designed and intended as a place of housing, "was a member of a specific branch of the public for whom the property was required to be maintained." *Carson v. Corr. Corp. of Am.*, No. 10-CV-01329-REB-BNB, 2011 WL 1656509, at *3 (D. Colo. May 3, 2011). The *Carson* Court held that a prisoner was an invitee under the Colorado Premises Liability Act. Other jurisdictions have similarly held that prisoners are invitees. *See Wilkerson v. United States,* 2010 WL 1462542 at *5 (M.D. Pa. April 9, 2010) (citing *Graf v. County of Northampton,* 654 A.2d 131, 133–34 (Pa.Commw.Ct.1995)) (construing Pennsylvania law); *Schwensow v. United States,* 2010 WL 1064062 at *2 (E.D.Mich. Feb. 16, 2010) (construing Michigan law) (mag. judge op.), *adopted,* 2010 WL 1064006 (E.D.Mich. March 22, 2010).

21.     MTC knew or should have known that it failed to enact or implement policies and procedures to protect inmates, including the Plaintiff, and/or failed to adequately train and supervise employees to protect the Plaintiff. Security guards failed to supervise inmates, failed to conduct rounds for security and safety and failed to intervene to prevent inmate on inmate violence.

22.     All of this conduct is an unreasonable failure to exercise reasonable care to protect against dangers of which MTC knew or should have known. These violations directly caused, in whole or in part, the injuries the Plaintiff sustained.

## NEGLIGENT AND/OR GROSSLY NEGLIGENT HIRING AND SUPERVISION

23.     Plaintiff incorporates all allegations set forth in Paragraphs 1. through 22. hereinabove.

24.     Defendant MTC had the responsibility and duty to supervise, oversee and control the training and job performance of jail staff and the operation of the prison. Defendant had the duty to see that the prison was maintained in a safe and sanitary condition, suitable for human

occupation and compliant with constitutional requirements.  The Defendant had the duty to ensure that the prison officials, jailers, and other jail staff acted in compliance with the laws and Constitutions of the State of Mississippi and of the United States and did not deprive inmates of their rights guaranteed under the United States Constitution and laws.  This included the duty to ensure that the conditions of inmate confinement did not deprive inmates of their right to be protected from assaults by other inmates.

25.     Plaintiff alleges that the Defendant negligently, or grossly negligently, hired, supervised, and retained MTC employees, inter alia, by a) failing to care for and ensure the Plaintiff's safety while at WCCF; b) failing to properly train, supervise, discipline, retain, hire, and/or discharge its employees agents, and/or representatives; and c) were otherwise negligent or grossly negligent in their care and treatment of the Plaintiff and, as a direct and proximate result, the Plaintiff lost his eyesight.

## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

26.     Plaintiff incorporates all allegations set forth in Paragraphs 1. through 25. hereinabove.

27.     The Defendant, MTC and Does 1-100 acted with negligence, gross negligence, and/or intentionally allowed or failed to prevent the Plaintiff's assault on January 10, 2018.  At all times relevant, each Defendant owed an independent duty to the Plaintiff to ensure his safety, and the Defendants breached this duty.  The actions and inactions of the Defendant, and/or other WCCF correctional officers, led directly to the injuries of the Plaintiff.  MTC, as the employer for is liable for their employees' actions which were undertaken during the course and scope of their employment.

8

## PUNITIVE DAMAGES

28.     The Plaintiff incorporates all allegations set forth in Paragraphs 1. through 27. hereinabove.

29.     The Defendant, MTC and Does 1-100, have acted in complete disregard for the safety of the Plaintiff by acting in a grossly negligent manner as previously described herein. The actions of the Defendants warrant punitive damages.

30.     The Defendant's actions exhibited gross negligence and direct disregard of the safety of the Plaintiff.   Punitive damages should be awarded against the Defendants. Defendants' tortuous actions have caused the Plaintiff bodily injures, emotional distress, mental anguish and ultimately, loss of his life.

## PRAYER FOR RELIEF

The Plaintiff requests a jury trial and seeks the following relief:

a.     Compensatory damages of, from and against the Defendant, in amount to be determined by this Court;

b.     Punitive damages of, from and against the Defendant, in an amount to be determined by this Court;

c.     Reasonable attorney's fees and all costs of this Court;

d.     Pre and post judgment interest;

e.     Such other general and special relief as appears reasonable and just in this cause.

RESPECTFULLY SUBMITTED, THIS the 20th day of June, 2019.

JEROME KENDRELL HARRIS, PLAINTIFF

BY:     */s/ Charles R. Mullins*
CHARLES R. MULLINS

9

OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi 39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-1600
chuckm@coxwelllaw.com
***Attorney for Plaintiff***